UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE MOORISH MILITIA; TARIFF SHARIF BEY; JAMIL RASUL BEY; CONALD SOLIMAN QUIESQUEYANO BEY; ABAN EL CURRAGH; LUCHA EL POR LIBERTAD; JAMHAL TALIB ABDULLAH BEY,

      Plaintiffs,

-against-

THE COMMONWEATH OF MASSACHUSETTS, *et al.*,

      Defendants.

21-CV-7910 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Plaintiffs Tariff Sharif Bey, Jamil Rasul Bey, Conald Soliman Quiesqueyano Bey, Aban El Currah, Lucha El Por Libertad, and Jamhal Talib Abdullah Bey, who appear to identify themselves as The Moorish Militia, bring this action *pro se*. Plaintiffs are currently incarcerated in the Middleton House of Correction and the Middlesex House of Correction and Jail. They allege that Defendants violated their rights in Massachusetts. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

 Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any

judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).

Plaintiffs allege that they "have been unlawfully and illegally detained by the COMMONWEALTH OF MASSACHUSETTS since the date of July 3 rd, 2021A.D." (ECF No. 2 at 6.) Because Plaintiffs do not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to their claims arose in this district, venue is not proper in this Court under § 1391(b). Plaintiffs' claims arose in Massachusetts, which is in the District of Massachusetts. *See* 28 U.S.C. § 101. Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] Plaintiffs submitted one request to proceed *in forma pauperis* (IFP) in the name of The Moorish Militia, and none of the Plaintiffs submitted a completed and signed prisoner authorization, as required under the IFP statute. *See* 28 U.S.C. §§ 1914, 1915.

The Clerk of Court is further directed to mail a copy of this order to each Plaintiff and note service on the docket.

SO ORDERED.

Dated:  September 23, 2021
        New York, New York

/s/ Laura Taylor Swain<br>
LAURA TAYLOR SWAIN<br>
Chief United States District Judge